GARRISON, Judge.
This is an appeal from a judgment of the district court dismissing Sigue Trucking’s suit on an open account against the defendant, Richard Brazen, Sr., granting a recission of the sale to the defendant and rejecting defendant’s demand for attorney’s fees. From that judgment which we now amend and affirm, plaintiff Sigue Trucking appeals.
On appeal, Sigue Trucking contends that the trial court erred in granting recission or in the alternative should have granted quanti minoris, that it erred in failing to render judgment in its favor on the open account, and that it should have been granted a credit for the use of the machine.
On March 29, 1978 Richard Brazen, Sr. purchased a used sugarcane sprayer from Sigue Trucking, Inc. The machine in question was a cotton sprayer to which the Sigue interests added a superstructure designed by Donald Sigue, the President of Sigue Trucking. The superstructure increased the height and length of the machine so that it could be used in sugarcane fields. Prior to the sale at issue, the machine had been used on Donald Sigue’s farm. Although the purchase was made on an open account, Donald Sigue admitted that the sale was made subject to a trial period. Approximately nine weeks later, after Brazen had been contacted relative to his failure to make any payment, Brazen informed Sigue that he did not want the machine because it was defective. Throughout the period from the date of sale to the offer of tender, the machine required considerable work. Indeed, Brazen’s first complaint occurred on the day that the machine was delivered. Lester Rodriguez, who was accepted as an expert witness, had worked on the machine at issue both before and after the sale to the plaintiff. Rodriguez testified that the frame was cracked prior to the sale and that there existed several other cracks as well. He stated that he, as an expert, was unable to discover the cracks prior to the sale.
It was only later, when he was called upon to repair the machine, that he sanded the paint off the machine and determined that the crack in the frame was an “old” one. Rodriguez also testified as to a number of other defects on the machine.
During the period of the controversy, defendant used the machine to spray about 800 acres of his sugarcane crop. As reflected by the testimony, the timing of sugarcane spraying is a crucial factor to the success of the crop to the extent that a delay in spraying could result in the failure of the entire crop.
Upon review, this court concludes that the trial court was not manifestly erroneous on the main issues. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We do, however, conclude that the court erred in failing to award a use credit. Civil Code Article 2531 provides as follows:
“The seller who knew not the vices of the thing is only bound to repair, remedy or correct the vices as provided in Article 2521, or if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price, and reimburse the reasonable expenses occasioned by the sale, as well as those incurred for the preservation of the thing, subject to credit for the value of any fruits or use which the purchaser has drawn from it.
“In any ease in which the seller is held liable because of redhibitory defects in the thing sold, the seller shall have a corresponding and similar right of action against the manufacturer of the thing for any losses sustained by the seller, and further provided that any provision of any franchise or manufacturer-seller contract or agreement attempting to limit, diminish or prevent such recoupment by the seller shall not be given any force or effect.” (emphasis added)
Ronald Hebert, who was admitted as an expert on sugarcane farming, testified that the costs of commercially leasing an operator and machine and providing fuel to spray a field would all be included in a flat rate two to three dollars an acre. In the instant appeal, we note that the defendant provid *30 ed his own fuel and driver. Additionally, we note that the fact that the redhibitory defect limits the use of the thing and causes inconvenience to the purchaser can be considered by the court in its calculation of the use credit. Thibodeaux v. Meaux’s Auto Sales, Inc., 364 So.2d 1370 (App. 3rd, 1978).
For the reasons assigned, the judgment appealed from is amended to provide as follows:
“IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the defendant in reconvention, Sigue Trucking, Inc. and against the plaintiff in reconvention, Richard Brazen, Sr., in the sum of SIXTEEN HUNDRED AND NO/100 ($1,600.00) DOLLARS.”
As thus amended, and in all other respects, the judgment is affirmed.

AMENDED, AND AS AMENDED, AFFIRMED.