364 So.2d 1370 (1978)
Irene THIBODEAUX, Plaintiff-Appellee,
v.
MEAUX'S AUTO SALES, INC., Defendant-Appellant.
No. 6686.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Devillier & Ardoin, Kenneth Pitre, Eunice, for defendant-appellant.
Pucheu & Pucheu, Jacque B. Pucheu, Jr., Eunice, for plaintiff-appellee.
Before DOMENGEAUX, WATSON and CUTRER, JJ.
CUTRER, Judge.
This is a suit in redhibition against Meaux's Auto Sales, Inc., in which the plaintiff seeks a voidance of the sale and *1371 the restitution of the price of a 1974 Toyota. The trial court found that the waiver of warranty incorporated in the sale agreement was ineffective. He further found that the vehicle contained a redhibitory vice (defective frame and steering assembly) which was present at the time of sale, and was such that the purchase price should be returned to plaintiff. The trial court ordered a credit of 8 cents per mile for the use of the vehicle by the plaintiff. From a judgment accordingly defendant appeals. We affirm.
The defendant-appellant raises the following specifications of error:
"1. The Trial Court erred in holding the waiver was not effective;
"2. The Trial Court erred in holding that the vice existed at the time of the sale;
"3. The Trial Court erred in granted full restitution of the purchase price, instead of merely granting a reduction in price;
"4. The Trial Court erred in allowing only half credit for the use of the automobile."

I.

WAS THE WAIVER OF WARRANTY EFFECTIVE?
The bill of sale which was signed by the plaintiff and a salesman for defendant (Kenneth Lejeune) contained the following provisions that pertain to the alleged waiver of warranty:
". . . Purchaser, (signed) Irene D. Thibodeaux, does hereby waive the warranty of fitness or guarantee against the redhibitory vices applied in Louisiana by operation of law, more specifically, that warranty imposed by Civil Code Article 2476, or other applicable law. . . . Additionally, I forfeit any right I may have in redhibition pursuant to Civil Code Article 2520 and following Articles, subject to the above described restricted warranty. . . ."
The law pertaining to warranty and waiver thereof is as follows:
Article 2475 of the Civil Code sets forth the two principal obligations of the seller by providing that:
"Art. 2475. The seller is bound to two principal obligations, that of delivering and that of warranting the thing which he sells."
One of the objects of this warranty by the seller is hidden defects of the thing sold or its redhibitory vices. Article 2476.
"Every sale in this state carries with it the legal warranty set out in Art. 2476, in that the thing sold is free of hidden defects or redhibitory vices. This warranty of fitness applies by operation of law, but it may be waived by the buyer." Guillory v. Morein Motor Company, Inc., 322 So.2d 375 (La.App. 3rd Cir. 1975).
It is well established that, for a waiver of warranty to be effective, three requirements must be met:
"(1) The waiver must be written in clear and unambiguous terms;
"(2) The waiver must be contained in the sale and chattel mortgage document; and
"(3) The waiver must either be brought to the attention of the buyer or explained to him." Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App. 2nd Cir. 1976).
An examination of the purported waiver and testimony surrounding the execution of same reflects that this waiver is ineffective as it does not meet the requirements of Numbers (1) and (3) above.
The language of this purported waiver is couched in legal terms, and not in terms which may be read and understood by a layman. The requirement "clear and unambiguous" means that the language used must be comprehendible by the average buyer. The plaintiff, a woman with a sixth grade education, stated that she did not know the meaning of the words "redhibitory vices," "redhibition," nor was she acquainted with the provisions of the Civil Code cited in the instrument. The plaintiff cannot be expected to be acquainted with these legal terms or their implications. *1372 This instrument did not contain "clear and unambiguous" language. Guillory v. Morein Motor Company, Inc., supra.
The instrument also fails to meet the requirement that it must be explained to the buyer or brought to her attention. The testimony of the salesman, Kenneth Lejeune, reflects that he did not explain nor did he point out the waiver to the plaintiff. He stated he did not know what the waiver provisions meant. He only explained the "restricted warranty" provisions.[1]
We hold that, having failed to meet the requirements of law, the purported waiver is of no effect.
The defendant relies on the case of Foy v. Ed Taussig, Inc., 220 So.2d 229 (La.App. 3rd Cir. 1969), which held a waiver valid. That waiver is distinguishable from the instrument here, in that, in Foy, the waiver was more explicit and understandable by an ordinary buyer.

II.

DID THE VICE EXIST AT THE TIME OF PURCHASE?
The undisputed facts reflect that plaintiff purchased the 1974 Toyota from defendant on May 14, 1977, for a purchase price of $2,277.50. Shortly after purchase, she noticed that it developed a wobbling effect, and steering problems developed as the speed of approximately 35 miles per hour was reached. Vernon Johnson, an expert, testified that he examined the vehicle on May 23, 1977 (9 days after purchase) and found the frame and cross member on the right side were rusted out. Harry Lafleur, an expert, testified that his examination of the vehicle on June 15, 1977 reflected that the rusting condition existed before the purchase of the automobile on May 14, 1977. She took it to Hueit Guillory, a qualified expert, for examination on June 15, 1977. He found a serious rust problem or an eating away of the frame on the right side including the cross member which affected the steering mechanism.
Our examination of the record convinces us that the trial judge committed no manifest error in his conclusion that the defect existed at the time of the sale from defendant to plaintiff.

III.

REDHIBITION OR REDUCTION IN PRICE.
The law on this issue is set out in the case of Perrin v. Read Imports, Inc., 359 So.2d 738 (La.App. 4th Cir. 1978), which held:
"The basic test of whether a defect is a redhibitory one is whether it so affects the use of the thing sold that `it must be supposed that the buyer would not have purchased it, had he known of the vice.' C.C. 2520. To this test, however, the 1974 amendment of C.C. 2531 adds, as to the good-faith seller, that `if he be unable or fails to repair, remedy or correct the vice, then he must restore the purchase price. . .'" [Emphasis supplied]
*1373 The undisputed evidence reflects that the rust-eaten frame and cross member adversely and seriously affected the steering mechanism of the vehicle. The car when driven above approximately 35 miles per hour would "wobble" or "float," presenting control problems. The frame and cross member thereof were eaten away by rust in the area of the steering mechanism, which presented a serious vice and was such that it can be presumed that the plaintiff would not have purchased the car had she known of the vice.
After obtaining the estimate of $813.63 for repair she discussed the situation with Mr. Meaux, the owner of the defendant company. She brought the car to defendant's car lot and Mr. Meaux refused to repair it and told the plaintiff not to leave the vehicle at the lot. Mr. Meaux admitted that he refused to repair the defective area.
Having concluded that the vice was of such a nature that it can be presumed that the plaintiff would not have purchased the vehicle if she had been aware of such vice and also the fact that defendant refused to repair same, the plaintiff is entitled to full restitution for the purchase price, subject to any credit allowable.

IV.

CREDIT FOR USE.
The trial court in its reasons for judgment allowed credit for use at the rate of 8 cents per mile for 9,561 miles or $764.88. The court reasoned that: "The Court would normally allow 16 cents per mile, but the Court finds there has been only a limited or `half-use' because of the defects."
In the recent case of Alexander v. Burroughs Corporation, 359 So.2d 607 (La.1978), the court observed as follows:
"A credit for a purchaser's use of a product may be proper in certain instances, even in favor of a bad faith seller. . . Compensation for the buyer's use, however, ought not be granted automatically by the courts; even the value of an extensive use may be overridden by great inconveniences incurred because of the defective nature of the thing and constant interruptions in service caused by the seller's attempts to repair. . . ."
The fact that the defect in plaintiff's vehicle limited its use and caused inconveniences can be considered by the court in its calculation of credit for use. We find no abuse in the trial court's discretion in this regard.
Our affirmation of the method used by the trial judge in calculating a credit for use is not meant to infer that this method would be the correct one in each and every case. We merely find that it is proper and equitable in this case.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to the defendant-appellant.
AFFIRMED.
NOTES
[1] "Q. You read her everything on this sale?

"A. I read her that Meaux's Auto Sales was selling her a car of that particular number, so and so,and that the car was warranted for 50%, or 30 days, or a thousand miles for motor transmission problem.
"Q. Anything else?
"A. No, sir.
"Q. That's what you told her?
"A. Yes, sir."
* * * * * *
"Q. Do you know what a rehibitory vice is?
"A. NoI
"Q. Do you know anything about Civil Code Article 2476?
"A. No, sir.
"Q. You didn't explain anything like that to Mrs. Thibodeaux? You didn't explain to her that she was waiving any rights or anything?
"A. No, sir. I explained to her the warranty she had.
"Q. You didn't explain any waiver of any rights?
"A. Waiver of any rights?
"Q. Yes.
"A. No."
The "50%" warranty referred to by the salesman provided that defendant agreed to pay 50% of any charges to repair or replace the motor and/or transmission for a period of 30 days or 1000 miles. The "50%" warranty did not apply to the defect herein as the defect in this case did not concern the motor or transmission.