GARRISON, Judge.
This is an appeal from a June 17, 1986 judgment of the district court rendered in accordance with a jury verdict. From that judgment, plaintiffs, Mrs. Maria Oiler and Haydee Oiler appeal.
On September 5, 1979, Oscar Oiler age 40 was killed in an accident which occurred while he was working at his job as a grounds maintenance supervisor at the University of New Orleans. Mrs. Oiler and their daughter Haydee Oiler filed suit against Edward M. Alba & Associates, Inc. the designing engineer and Sharp Electric Inc., the electrical contractor, and their insurers.
The instant suit was before this court earlier on a granted summary judgment motion which this court reversed on the grounds that genuine issues of material fact existed. See: Oller v. Sharp Elec. Inc., 451 So.2d 1235 (La.App. 4th 1984) writ denied 457 So.2d 1194 (La.1984).
After remand, a full jury trial was held. In reaching its verdict, the jury, answering interrogatories, found as follows:
“1. Was defendant, Edward M. Alba & Associates, project engineer, guilty of negligence which was a cause in fact of the accident?
NO
yes or no
2. Was defendant, Sharp Electric, Inc., the contractor, guilty of negligence which was a cause in fact of the accident? NO
yes or no
If both #1 and #2 are answered “no”, stop here.
If either #1 or #2 is answered “yes”, proceed.
3. Was Mr. Oiler guilty of contributory negligence which was a cause in fact of the accident? NO
yes or no
On appeal, plaintiffs raise the following specifications of error:
1. The jury committed manifest error when it failed to determine that the contractor and/or the designing engineer were negligent or strictly liable for the creation in accordance with the specifications of an object which is a hazard and which caused an injury after the acceptance of the work by the owner.
2. The jury committed manifest error in failing to award damages.
Turning to plaintiffs first specification or error, it should be noted that Mr. Oiler was standing upright in the bucket of a front end loader. A front end loader is an earth *178 moving machine that is not used to carry people. The bucket had a curved bottom and the entire machinery has a high center of gravity when the arm is extended, as it was in the instant case, which makes it extremely unstable. While standing in the front end loader bucket, Mr. Oiler was using both hands to swing a sclave or bush axe. Due to the momentum of the swing or the instability of the front end loader or both, Mr. Oiler lost his balance and fell. He was impaled upon a ¾ inch round copper clad steel grounding rod which was sunken into a cement foundation for a field lighting fixture. The fixture had not yet been added to the foundation and the grounding rod protruded 12 inches above the foundation. The grounding rod impalement occurred between the 3rd and 4th rib and ruptured the aorta upon impact, resulting in death.
At the time of the accident, Mr. Oiler was the supervisor of his crew. Coach Maestri had requested that the grounds crew remove vines growing on a fence near the playing field. Mr. Oiler, upon receiving the assignment, decided which equipment to use and which crew member to assign to which task. He could have used a ladder, however the ladder was on the east campus and would have required a trip to obtain it. There were also hedge clippers available which Mr. Oiler chose not to use. Dr. Paul McGarry testified that even if the grounding rod had not protruded, Mr. Oiler still could have died from the fall.
After the accident, the UNO grounds maintenance supervisor, upon direction from the UNO Physical Plant Director and the UNO Safety Engineer, constructed boxes which were placed over the protruding rods on all of the exposed foundation.
At the time that the accident occurred, UNO as owner had accepted the work and had been maintaining the former construction area for almost a year. Mr. Oiler’s crew had been maintaining the area.
Upon an independent evaluation of the record it is apparent that if causation were to attach to any entity involved it would be the University of New Orleans. Mr. Oiler’s family’s rights to assert a tort action against UNO is barred by the Louisiana Workmen’s Compensation statutes, thus UNO was properly not made a party to the instant tort action. Alba and Sharp had protected the area when it was under their control by the use of barricades and flags. It was only after the University of New Orleans took over the site that the rods went unprotected.
Accordingly, the judgment below should be affirmed. Having so concluded, the second specification of error need not be addressed.
Lastly it should be noted that plaintiffs-appellants make a “law of the case” argument that is without merit. Oiler I, supra, stands for the long standing proposition that a summary judgment shall not be granted where there exists genuine issues of material fact. Plaintiffs interpretation of Oiler I is in error and this argument is without merit.
For the reasons discussed, the judgment below is affirmed.
AFFIRMED.