DUFRESNE, Judge.
Mr. and Mrs. Adam J. Creppel filed this suit to rescind their August 31, 1988, purchase of vacant land from William Von Hoene, on the basis that the vendor failed to disclose to them that the property had been designated as federally protected wetlands. The lot, located in Crown Point, Jefferson Parish, fronts on Bayou Barata-ría, is crossed by Louisiana Highway 301 (Isle Bonne Road), and measures approximately 209 feet wide by 1800 feet long, except, for a 100-foot by 200-foot square on the front corner that belongs to another party.
The Creppels bought the lot because they desired waterfront property on which they could build a home, outbuildings for storage, and a small dock. Less than two months after the act of sale, they learned that most of their lot was designated as wetlands protected under federal law, making construction on it impossible for their purposes. That information had not been provided to them by Von Hoene, although he was aware of it, nor was the information available in the public records.
Accordingly, the Creppels filed suit, seeking return of payments made on the $60,000 purchase price, repayment of expenses incurred by them as a result of the sale, damages for mental anguish, inconvenience and aggravation, and attorney’s fees and costs of litigation. Von Hoene denied their claims and reconvened, demanding the unpaid portion of the purchase price due to him under the act of credit sale.
After trial on the merits the district court ruled in the plaintiffs’ favor, rescinding the sale contract and ordering the defendant to return to the plaintiffs all money paid on the sale, together with legal interest from the date of judicial demand and costs of the proceedings.
*515 In written reasons for judgment, the court awarded the plaintiffs relief in contract rather than in redhibition. The judge found their consent to the contract of sale was vitiated by an error of fact because, although they knew a great portion of the land was swampy, they were unaware the land was classified as protected wetlands. The court concluded that the wetlands classification prevents the plaintiffs from using the land as a homesite — the purpose they intended in making the purchase — and that this was an error of fact which abrogated their consent.
The defendant has appealed suspensively and plaintiffs have answered the appeal, seeking further damages not awarded by the trial court.
On appeal the defendant focuses primarily on the plaintiffs’ admitted awareness that a very large portion of the property was swampy, with water standing on it, and that oak trees toward the front of the lot were dying due to encroachment of subsurface salt water. The defendant asserts their knowledge of these facts indicates their awareness of the “wetlands” status of the property.
The defendant further contends that, because the wetlands interface line does not begin until 240 feet from the edge of the highway, the plaintiffs have ample place in which to build a home. The plaintiffs, however, testified at trial that they had planned to build their home far back from the road, so that the homesite and its outbuildings would have required far more land area than the 240 feet of non-wetland grounds.
The defendant insists the plaintiffs should be held to have been aware of the “wetlands” classification because they knew the rear 1200 feet was wet and unusable. The defendant also cites the testimony of Mike Williams, his listing real estate agent, who stated he told the Creppels that the property was wetlands, although the Creppels deny they ever received any such information prior to the sale.
The trial court obviously believed the plaintiffs rather than the defendant and Mr. Williams on this issue. His finding is a credibility ruling, which we will not reverse in the absence of manifest error.
LSA-C.C. art. 1948 provides, “Consent may be vitiated by error, fraud, or duress.” LSA-C.C. art. 1949 provides, “Error vitiates consent only when it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party.”
LSA-C.C. art. 1950 states,
Error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object or a substantial quality of that thing, or the person or the qualities of the other party, or the law, or any other circumstance that the parties regarded, or should in good faith have regarded, as a cause of the obligation.
In Gisclair v. Matmoor, Inc., 537 So.2d 876 (La.App. 5 Cir.1989), writ denied, 541 So.2d 901, this Court found that purchasers of the property in that case were entitled to rescission of the purchase on the basis their consent was vitiated by error as to whether the property could be developed for commercial purposes. The principal cause of the contract of sale was to develop the property for commercial use, the vendors and their agents were aware of the purchasers' development intentions and consented to the intentions, but the property had been designated “wetlands” by the U.S. Army Corps of Engineers and thus could not be used for commercial development.
In the case at bar, although the plaintiffs knew their property was “wet land,” they were unaware it was officially designated as federally protected “wetlands.” The significance of this designation is that wetlands are considered part of the navigable waterways of the United States and, as such, are protected under federal law. A landowner must obtain permits from the U.S. Army Corps of Engineers before dredging, adding fill, undertaking any construction that involves pile driving or changing the contours of the land, or other activities that could impact the wetlands. Permits for such activities *516 are issued only if the benefits of the proposed alteration outweigh the damage to the wetlands resource.
Accordingly, we find no merit to the defendant’s arguments. The court correctly followed Gisclair in his ruling. It is irrelevant on what portion of the property the plaintiffs may have planned to build their home. The wetlands designation constituted a significant restriction on the use the plaintiffs could make of their property. Thus, it was an error of fact that vitiates their consent to the sale. LSA-C.C. arts. 1948, 1949, 1950.
In their answer to the appeal, the plaintiffs assert the trial court erred by not awarding attorney’s fees and additional damages to them. They contend they are entitled to attorney’s fees because the defendant’s silence on the wetlands issue was fraud.
LSA-C.C. art. 1953 states, “Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.”
LSA-C.C. art. 1956 provides, “Fraud committed by a third person vitiates the consent of a contracting party if the other party knew or should have known of the fraud.”
Although the fact of the federal wetlands classification and the resulting limitations on land use were not disclosed to the plaintiffs, we are unable to say from the record whether this nondisclosure constituted fraud as defined in LSA-C.C. art. 1953. Accordingly, we will not reverse the trial court’s failure to award attorney’s fees.
The plaintiffs are, however, entitled to recover as damages all expenses occasioned to them by the purchase of the land.
For the foregoing reasons, the judgment of the district court is affirmed, but amended to provide that the defendant must reimburse the plaintiffs for all expenditures occasioned by their purchase of the property. Costs of these proceedings are assessed against the defendant-appellant.
AMENDED AND AFFIRMED.