613 So.2d 1024 (1993)
Patricia Connella MATTHIS, Plaintiff-Appellant/Appellee,
v.
Joe COUVILLION, d/b/a Joe's Used Cars, Defendant-Appellant/Appellee.
No. 92-69.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1993.
Rehearing Denied March 22, 1993.
*1025 David Lind, Alexandria, for plaintiff-appellant/appellee.
Wagner, Wells & Mansour, Steven P. Mansour, Alexandria, for defendant-appellee/appellant.
Before YELVERTON, KNOLL and SAUNDERS, JJ.
YELVERTON, Judge.
This is an appeal of a judgment rescinding the sale of a car on account of redhibitory defects.
Plaintiff, Patricia Matthis, bought a used 1983 Ford Escort from defendant, Joe Couvillion, d/b/a Joe's Used Cars, in Alexandria. She paid $1,350. The car had over 100,000 miles on the odometer.
She drove it for four months and five thousand miles. She had work done on it at various places on 13 separate occasions. She never took it back to the seller.
After a trial, the City Court of Alexandria found that the vehicle was affected by redhibitory vices justifying rescission of the sale. It awarded Matthis a return of the purchase price subject, however, to a $350 credit for her use of the car.
We reverse. We find that the trial court erred in failing to find that the plaintiff expressly waived the warranty of fitness.
Every sale in this state carries with it the legal warranty set out in La.C.C. art. 2476, that the thing sold is free of hidden defects or redhibitory vices. Guillory v. Morein Motor Company, Inc., 322 So.2d 375, 377 (La.App. 3rd Cir.1975). This warranty of fitness applies by operation of law, but it may be waived by the buyer. Id.
A valid waiver of warranty requires all of the following:
(1) it must be written in clear and unambiguous terms;
(2) it must be contained in the sale document; and
(3) it must be brought to the attention of the buyer or explained to him.
Thibodeaux v. Meaux's Auto Sales, Inc., 364 So.2d 1370, 1371 (La.App. 3rd Cir.1978).
In the case before us, the bill of sale contains the language "as is, no warranty." Matthis testified that she was aware that the car was sold "as is, no warranty." She also testified that the waiver of warranty was explained to her. In her own words at trial:

*1026 It was explained to me at purchase as is, no warranty. If anything went wrong I would [sic] was to seek help elsewhere but not to return to the car dealership.
In another place in her testimony she reiterated "... he [the salesman] elaborated, as is, no warranty."
True to her understanding, plaintiff never returned to seek help from her seller after things started going wrong with the car.
Courts are reluctant to uphold warranty limitations against consumers. California Union Ins. Co. v. Bechtel Corp., 473 So.2d 861 (La.App. 4th Cir.), writ denied, 477 So.2d 1128 (La.1985). However, Louisiana law plainly allows the waiver of implied warranties under the proper circumstances. See Vercher v. Ford Motor Co., 527 So.2d 995 (La.App. 3rd Cir.1988). In this case Joe's Used Cars: (1) conspicuously printed the waiver in the bill of sale, (2) brought the waiver to Matthis' attention and explained its consequences to her, and (3) printed the terms of the waiver in clear and unambiguous language. Accordingly, under the facts of this case, we find that Matthis knowingly and intelligently waived all warranties.
For the above reasons, the judgment of the trial court is reversed with all costs assessed to the plaintiff-appellant.
REVERSED.