673 So.2d 202 (1996)
Marvin L. JEFFERS and Elizabeth C. Jeffers
v.
David C. THORPE and Iris Vandiver Thorpe.
No. 95-CA-1731.
Court of Appeal of Louisiana, Fourth Circuit.
January 19, 1996.
Rehearing Denied May 31, 1996.
*203 Marvin L. Jeffers, Law Offices of Jack W. Harang, New Orleans, for Appellants.
Thomas M. Usdin, Gelpi, Sullivan, Carroll & Gibbens, New Orleans, for Appellees.
Before BARRY and KLEES and BYRNES, JJ.
BYRNES, Judge.
On January 7, 1994 defendants David and Iris Thorpe sold the residence bearing municipal numbers 1835 Upperline Street and 4810 Dryades St. to the plaintiffs, Marvin and Elizabeth Jeffers. On January 3, 1995 the Jeffers filed this redhibition claim against the Thorpes. The Thorpes moved for summary judgment relying primarily on the waiver of redhibition clause contained in the act of sale. The Jeffers appeal the granting of this motion by the trial court. We affirm.
The waiver of defects clause in the act of sale provides:
It is expressly agreed that the immovable property herein conveyed and all improvements and component parts, plumbing [emphasis added], electrical systems, mechanical equipment, heating and air conditioning systems, built-in-appliances, and all other items located hereon are conveyed by Seller and accepted by Purchaser "AS IS, WHERE IS," [emphasis original] without any warranties of any kind whatsoever, even as to the metes and bounds, zoning, operation, or suitability [emphasis added] of such properties for the use intended by the Purchaser, without regard to the presence of apparent or hidden defects and with Purchaser's full and complete waiver of any and all rights for the return of all or any part of the purchase price by reason of any such defects. Purchaser acknowledges and declares that neither the Seller nor any party, whomsoever, *204 acting or purporting to act in any capacity whatsoever on behalf of the Seller has made any direct, indirect, explicit or implicit statement, representation or declaration, whether by written or oral statement or otherwise, and upon which Purchaser has relied, concerning the existence or non-existence of any quality, characteristic or condition of the property herein conveyed. Purchaser has had full, complete and unlimited access to the property herein conveyed for all tests and inspections which Purchaser, in its sole discretion deems sufficiently diligent for the protection of its interests. [emphasis added] Purchaser expressly waives the warranty of fitness and the warranty against redhibitory vices and defects, whether apparent or latent, imposed by Louisiana Civil Code Articles 2478, 2501, and any other applicable state or federal law and the jurisprudence thereunder. Purchaser also waives any rights it may have in redhibition or to a reduction of the purchaser [sic] price pursuant to Louisiana Civil Code Articles 2520 through 2548, inclusive, in connection with the property hereby conveyed to it by Seller. By its signature Purchaser expressly acknowledges all such waivers, and its exercise of Purchaser's right to waive warranty pursuant to Louisiana Civil Code Article 2503.
The Jeffers complain that after they purchased the residence they discovered that the plumbing was not up to code and that it may have been done by unlicensed plumbers. The Jeffers do not suggest that the Thorpes represented otherwise, but argue instead that the Thorpes had an affirmative duty to disclose this fact. The Jeffers allege no facts which would tend to prove that the Thorpes took any affirmative action to either conceal the plumbing deficiencies or prevent the Jeffers from discovering them prior to sale. The Jeffers allege only that the Thorpes knew, but failed to disclose. The Thorpes filed an affidavit saying that they did not know of the code violations.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Carr v. City of New Orleans, 622 So.2d 819, 822 (La.App. 4th Cir.1993), writ denied 629 So.2d 404 (La. 1993); and Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La.App. 4th Cir.1993). To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The papers supporting the position for the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Vermilion, supra.
Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits, exhibits, and depositions, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc., 396 So.2d 1268 (La.1981). No summary judgment will be granted even if the trial court has grave doubts regarding a party's ability to establish disputed facts. Aydell v. Charles Carter & Co., Inc., 388 So.2d 404 (La.App. 1st Cir.), writ denied 391 So.2d 460 (La.1980). The fact that a party is unlikely to prevail at a trial on the merits is an insufficient basis for rendering a summary judgment against that party. Chapeuis v. Cassimano, 568 So.2d 606 (La.App. 4th Cir.), writ denied 571 So.2d 629 (La.1990). This is true no matter how small the chances of the party opposing the motion to ultimately prevail appear to be. *205 Dearie v. Ford Motor Co., 583 So.2d 28 (La. App. 5 Cir.), writ denied 588 So.2d 1117 (La.1991). It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Morris v. Louisiana Coca-Cola Bottling Co., Ltd., 354 So.2d 659 (La.App. 1st Cir.1977). The weighing of conflicting evidence on a material fact has no place in summary judgment procedure. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La. App. 3rd Cir.1974), writ denied 302 So.2d 308 (La.1974). Testimony should neither be received nor considered, even with the consent of counsel, to decide a motion for summary judgment. Urban Management Corp. v. Burns, 427 So.2d 1310 (La.App. 2 Cir.1983); Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1976), writ denied 343 So.2d 1072 (La.1977). Making evaluations of credibility has no place in determining a summary judgment. Dixie Buick, Inc. v. Lockett, 263 So.2d 56 (La.App. 4th Cir.1972). A motion for a summary judgment is not to be used as a substitute for trial on the merits. Oller v. Sharp Elec., Inc., 451 So.2d 1235, 1237 (La. App. 4th Cir.), writ denied 457 So.2d 1194 (La.1984), appeal after remand 514 So.2d 176 (La.App. 4 Cir.1987), writ denied 519 So.2d 117 (La.1988).
Mr. Jeffers is entitled to the warranty against redhibitory vices unless expressly waived. Tuttle v. Lowrey Chevrolet, Inc., 424 So.2d 1258, 1260 (La.App. 3 Cir.1982). However, the legal warranty against latent defects may be waived or modified. LSA-C.C. art. 2503; McKneely v. Don Coleman Const. Co., Inc., 441 So.2d 497 (La.App. 2 Cir.1983).
The best explanation of the standards governing the waiver of the seller's legal warranty against hidden defects contained in LSA-C.C. art. 2476 is found in Thibodeaux v. Meaux's Auto Sales, Inc., 364 So.2d 1370, 1371 (La.App. 3 Cir.1978):
It is well established that, for a waiver of warranty to be effective, three requirements must be met:
"(1) The waiver must be written in clear and unambiguous terms;
"(2) The waiver must be contained in the sale document; and
"(3) The waiver must be brought to the attention of the buyer or explained to him." Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App. 2nd Cir.1976).
The waiver in the instant case meets all three of these requirements: it was contained in the sale document; it was clear and unambiguous; and the Jeffers do not contend that they were unaware of the waiver language in the act of sale.
Clearly the standards are not to be applied mechanically without reference to the peculiar facts of each case. What is meant by "clear and unambiguous" and "brought to the attention of the buyer or explained to him" is determined in the context of the particular transaction, a sliding scale so to speak, taking into account the nature of the specific parties involved and the practices of the marketplace.
In Thibodeaux the plaintiff was an unsophisticated purchaser of an automobile. The court found that the waiver in question was not clear and unambiguous and was never properly explained to the plaintiff-purchaser:
The language of this purported waiver is couched in legal terms, and not in terms which may be read and understood by a layman, The requirement "clear and unambiguous" means that the language used must be comprehensible by the average buyer. The plaintiff, a woman with a sixth grade education, stated that she did not know the meaning of the words "redhibitory vices," "redhibition," nor was she acquainted with these legal terms or their implications.

Thibodeaux, 364 So.2d at 1371.
In contrast to the unsophisticated plaintiff in Thibodeaux, we note that Mr. Jeffers is an attorney and is presumed to understand the significance of the waiver he signed. In further contrast to Thibodeaux we note that the waiver clause in the instant case employs primarily laymen's language, and only secondarily resorts to such terms as "redhibition," as distinguished from Thibodeaux where only legal jargon was used in the waiver. The waiver in the instant case is by *206 far the largest and dominant paragraph in the act of sale. It is not buried in fine print. It specifically includes a waiver of "suitability" and a waiver of "hidden defects" as well as an acknowledgment by the Jeffers that they had full access to the property to make all inspections which they wished to make, which would have included plumbing inspections. The Jeffers acknowledge in the waiver clause that they made no reliance on any representations made to them. Instead the Jeffers opted for an unrestricted right of inspection and inquiry which would have disclosed the problems of which they now complain. The effect of the waiver clause is to convert the Thorpes' obligation to disclose into an option on the part of the Jeffers to inspect. This would not entitle the Thorpes to make misrepresentations or hinder or prevent inspection. The Jeffers have not alleged that the Thorpes did so.
The waiver clause is both broad enough and explicit enough under the facts of this case where the complaining party is an attorney to encompass the plumbing problems which are the subject of the Jeffers' complaint. A waiver of plumbing code or electrical code defects is not against public policy.
The only case cited by plaintiffs, Creppel v. Von Hoene, 575 So.2d 514 (La.App. 5 Cir. 1991), writ denied 577 So.2d 51 (La.1991), held that the purchaser's consent to the sale was vitiated because the seller failed to disclose a wetlands classification which prevented the purchaser from using the property as intended. But there was no waiver clause in Creppel and the court did not say that such a waiver, had there been one, would have been a violation of public policy.
Having agreed to a comprehensive waiver of latent defects even as to the suitability of the property, plaintiffs' proper remedy was a pre-purchase plumbing inspection for code violations or a refusal to consummate the sale. Plaintiffs have failed to raise any genuine issues of material fact which would warrant a reversal of the summary judgment.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissents with reasons.
Mr. Jeffers presents a unique argument to avoid his waiver of redhibition.
There is no question that the house he purchased had hidden defects. The defects may have resulted from the sellers' (defendants) failure to secure a permit for the plumbing work. There is no way that any buyer could know that the plumbing work was done illegally, probably to save time and money.
Mr. Jeffers would have no standing if the work had been performed by a licensed plumber. The deception by the sellers is the basis for Mr. Jeffers' lawsuit, not whether there was a redhibitory condition. The sellers were in bad faith and the "waiver" may not be applicable. That creates a genuine issue of fact which precludes summary judgment.