672 So.2d 1106 (1996)
Mavis Shubert HELD, et al.
v.
AVONDALE INDUSTRIES, INC., et al.
No. 95-CA-1788.
Court of Appeal of Louisiana, Fourth Circuit.
April 3, 1996.
*1107 Plauche, Maselli & Landry, Robert E. Caraway, III, New Orleans, for Appellees.
Martzell and Bickford, Scott R. Bickford, M. Suzanne Montero, New Orleans, for Appellants.
Before KLEES, BYRNES and MURRAY, JJ.
BYRNES, Judge.
This is an appeal by the plaintiffs from a summary judgment rendered by the trial court dismissing plaintiffs' claims against Avondale Industries, Inc. We reverse and remand.[1]
Plaintiff allegedly died of mesothelioma, a form of cancer associated with exposure to asbestos. Prior to his death he and his wife filed this suit against numerous defendants, including Avondale Industries, Inc. As against Avondale Held alleged that he came into contact with asbestos while working on ships there in his capacity as a marine surveyor. Following his death in 1992, this suit was continued by his wife and children. Their right to do so is not contested on this appeal.

I. STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Reynolds v. Select Properties, Ltd., 93-1480 (La. 4/11/94), 634 So.2d 1180; Schroeder v. Board of Sup'rs of Louisiana State University, *1108 591 So.2d 342, 345 (La.1991). A summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B). All evidence and inferences drawn from the evidence must be construed in the light most favorable to the party opposing the motion. Carr v. City of New Orleans, 622 So.2d 819, 822 (La.App. 4th Cir.1993) and Dibos v. Bill Watson Ford, Inc., 622 So.2d 677, 680 (La.App. 4th Cir. 1993). To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that it is quite clear as to what the truth is, and that excludes any real doubt as to the existence of material fact. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La.1981). The papers supporting the position for the party moving for the summary judgment are to be closely scrutinized while the opposing papers are to be indulgently treated, in determining whether mover has satisfied his burden. Vermilion, supra.
Where the trial court is presented with a choice of reasonable inferences to be drawn from subsidiary facts contained in affidavits, exhibits, and depositions, reasonable inferences must be viewed in the light most favorable to the party opposing the motion. Duvalle v. Lake Kenilworth, Inc. 396 So.2d 1268 (La.1981). No summary judgment will be granted even if the trial court has grave doubts regarding a party's ability to establish disputed facts. Aydell v. Charles Carter & Co., Inc., 388 So.2d 404 (La.App. 1st Cir.), writ denied 391 So.2d 460 (La.1980). The fact that a party is unlikely to prevail at a trial on the merits is an insufficient basis for rendering a summary judgment against that party. Chapeuis v. Cassimano, 568 So.2d 606 (La.App. 4th Cir.), writ denied 571 So.2d 629 (La.1990). This is true no matter how small the chances of the party opposing the motion to ultimately prevail appear to be. Dearie v. Ford Motor Co., 583 So.2d 28 (La. App. 5 Cir.), writ denied 588 So.2d 1117 (La.1991). It is not the function of the trial court on a motion for summary judgment to determine or even inquire into the merits of the issues raised. Morris v. Louisiana Coca-Cola Bottling Co., Ltd., 354 So.2d 659 (La.App. 1st Cir.1977). The weighing of conflicting evidence on a material fact has no place in summary judgment procedure. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La. App. 3rd Cir.1974), writ denied 302 So.2d 308 (La.1974). Testimony should neither be received nor considered, even with the consent of counsel, to decide a motion for summary judgment. Urban Management Corp. v. Burns, 427 So.2d 1310 (La.App. 2 Cir.1983); Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1976), writ denied 343 So.2d 1072 (La.1977). Making evaluations of credibility has no place in determining a summary judgment. Dixie Buick, Inc. v. Lockett, 263 So.2d 56 (La.App. 4th Cir.1972). A motion for a summary judgment is not to be used as a substitute for trial on the merits. Oller v. Sharp Elec., Inc., 451 So.2d 1235, 1237 (La. App. 4th Cir.), writ denied 457 So.2d 1194, appeal after remand 514 So.2d 176, writ denied 519 So.2d 117.
Argument of counsel and briefs, no matter how artful, are not sufficient to raise a genuine issue of material fact. Despite the presence of disputed facts, summary judgment will be granted as a matter of law if the contested facts present no legal issues. Davenport v. Amax Nickel, Inc., 569 So.2d 23, 27 (La.App. 4th Cir.), writ denied 572 So.2d 68 (La.1991).

II. IT WAS ERROR FOR THE TRIAL COURT TO DENY PLAINTIFFS' THEIR REMEDIES UNDER LOUISIANA LAW.
The trial court granted Avondale's "motions to strike the jury trial request and other state remedies unavailable in a maritime dispute which this case is held to be." This was error. Mavis Held was not a seaman. He was a marine surveyor. The fact that the trial court may have been correct in its finding that Held was engaged in a bona fide maritime activity because the ships in question at Avondale had already been launched does not deprive Held of his state remedies. Yamaha Motor Corporation, U.S.A v. Calhoun, ___ U.S. ___, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996).
*1109 Therefore, we hold that the plaintiffs are not barred by maritime law from asserting Louisiana state remedies, including, but not limited to, plaintiffs' jury trial request and strict liability claims under LSA-C.C. art. 2317. Avondale is free, however, to assert any other timely objections or defenses it may have to plaintiffs state remedies.

III. AVONDALE'S MOTION FOR SUMMARY JUDGMENT RAISED THE QUESTIONS OF CAUSATION AND THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT.
The trial court found that plaintiffs failed to show that there was a genuine issue of material fact concerning whether asbestos containing material at Avondale was a substantial factor in causing plaintiffs pleural mesothelioma. Plaintiffs contend that Avondale's motion for summary judgment did not raise the questions of causation and lack of genuine issues of material fact and that it was error for the trial court to base its ruling on those issues when they were not raised in Avondale's motion.
Avondale's motion for summary judgment specifically asserts that there are no genuine issues of material fact. Avondale also incorporates by reference the summary judgment motion of Bethlehem Steel Corporation which addresses at length the lack of evidence to support the causation element of plaintiffs' claim. There is no merit to plaintiffs' contention that Avondale failed to raise these issues in its motion for summary judgment.

IV. THE QUESTION OF CAUSATION CREATES A GENUINE ISSUE OF MATERIAL FACT.
The question of causation is a material issue. In this case it is also a genuine issue. Plaintiffs' expert, Dr. Victor Roggli asserts in his affidavit that there is no known level of asbestos which would be considered safe with regard to the development of mesothelioma. Dr. Roggli further opined that "any of Mr. Held's exposure, even slight exposures, to asbestos and/or asbestos containing products from 1944 to 1980 to be a significant contributing cause of the malignant pleural mesothelioma which he developed in 1992 and which subsequently caused his death." Avondale introduced no countervailing affidavits. Even had it done so it is difficult to see how this Court could resolve conflicting expert evidence on motion for summary judgment.
Mr. Held testified in his deposition that he was present at Avondale during the period from 1967 to 1992 with such frequency and under such conditions that we cannot determine with certainty absent a trial on the merits that he had no contact with asbestos that could have been a contributing cause of his mesothelioma in view of Dr. Roggli's affidavit. We find that plaintiffs have raised a genuine issue of material fact.
For the foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Bethlehem Steel Corporation was dismissed as a defendant by judgment of voluntary dismissal.