745 So.2d 229 (1999)
Jeffrey P. DUCOTE
v.
PERRY'S AUTO WORLD, INC.
No. 98 CA 1972.
Court of Appeal of Louisiana, First Circuit.
November 5, 1999.
*230 Michael P. Bienvenu, Baton Rouge, LA, for Plaintiff-Appellee Jeffrey P. Ducote.
G. Thomas Arbour, Baton Rouge, LA, for Defendant-Appellant Perry's Auto World, Inc.
BEFORE: GONZALES, FITZSIMMONS, and WEIMER, JJ.
FITZSIMMONS, J.
This appeal involves the sale of a defective used vehicle and the validity of a contractual exclusion of the seller's warranty against redhibitory defects. After reviewing the particular factual circumstances in this case and the law, we affirm as amended.

FACTS
Mr. Jeffrey P. Ducote purchased a used 1989 Honda Prelude from Perry's Auto World, Inc (Perry's). At the time of the sale, Mr. Ducote signed a document entitled "DISCLAIMER OF WARRANTIES," which stated in pertinent part:
ATTENTION! As Buyer, you have an OBLIGATION TO INSPECT this used vehicle beyond casual observation.
* * * * * *
You are WAIVING YOUR RIGHTS to any express or implied warranty, including as to the fitness of this vehicle for any purpose
* * * * * *
It is mutually agreed and understood that: ... (c) Perry's Auto World, Inc. and you expressly disclaim all warranties, express or implied, including any implied warranties of merchantability of fitness for a particular purpose. (Emphasis in original)
On his way home from the dealership, having just purchased the Honda, Mr. Ducote began to experience problems keeping the motor running. It was not contested in court that the vehicle possessed a preexisting defective carburetor at the time of the purchase. Following several visits to Perry's, and to two repair shops, a different set of used carburetors was placed in the vehicle; however, the problem continued.
After receiving conflicting evidence vis-á-vis Perry's knowledge of the defective carburetor and alleged tampering with the wires on the carburetor prior to its sale, the court made the factual determination that Perry's had been aware of the condition of the carburetor, and that it withheld that information from the purchaser. The trial court rendered judgment in favor of the plaintiff/purchaser. Mr. Ducote. On review, we find that there is a reasonable basis for the court's factual conclusions, and that they are not clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Therefore, we accept the court's determination *231 that Perry's was aware of the defective carburetor prior to the sale. In oral reasons for judgment, the court declared that the disclaimer of warranty executed between Mr. Ducote and the seller, Perry's, was invalid because Mr. Ducote had not been apprised of the defective condition of the carburetor, which rendered the automobile unsuitable for its intended use.

WAIVER OF WARRANTY
Our legal determination focuses on the validity vel non of the waiver of warranty, i.e., did Perry's violate a duty to disclose the existence of a defective carburetor at the time that the broad waiver was executed?
Pursuant to La.C.C. art. 2545, the seller who knows that a product contains a defect, yet "omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer...." Expanding on this fundamental precept, La.C.C. art. 2548, thereafter, provides for an alternative distribution of duties between the parties in the following relevant language:
The parties may agree to an exclusion or limitation of the warranty against redhibitory defects. The terms of the exclusion or limitation must be clear and unambiguous and must be brought to the attention of the buyer.
A buyer is not bound by an otherwise effective exclusion or limitation of the warranty when the seller has declared that the thing has a quality that he knew it did not have. (Underscoring supplied)
The longstanding jurisprudential interpretation of the standards governing the waiver of the seller's warranty against hidden defects prior to its codification in La. C.C. art. 2548 in 1993, has established three criteria for such a waiver to be effective:
1) The waiver must be written in clear and unambiguous terms;
2) The waiver must be contained in the sale document;
3) The waiver must be brought to the attention of the buyer or explained to him.
Jeffers v. Thorpe, 95-1731, p. 5 (La.App. 4th Cir.1/19/96), 673 So.2d 202, 205, writ denied, 96-1721 (La.10/4/96), 679 So.2d 1390.
In the instant matter, the total exclusion of the warranty against redhibitory defects was stated in several different ways throughout the document. Mr. Ducote is a high school graduate, and there is no indication that he was incapable of comprehending the straightforward language expressed in the waiver of warranties. Moreover, it is not necessary that a waiver of warranty be verbally brought to a purchaser's attention, if the language, format of the document, and waiver are sufficient to bring the waiver to the buyer's attention. Ross v. Premier Imports, 96-2577, p. 7 (La.App. 1st Cir.11/7/97), 704 So.2d 17, 21, writ denied, 97-3035 (La.2/13/98), 709 So.2d 750.
The trial court believed the plaintiffs testimony that he had been led to understand from the automobile dealership that the vehicle was operable at the time of purchase. In this regard, Mr. Ducote stated at trial that Perry's representatives told him that the "car was in good working condition when [Mr. Ducote] bought it." Perry's misrepresentation of its knowledge of the defective carburetor relieves the buyer from the terms of the exclusion of warranty pursuant to La.C.C. art. 2548. Moreover, Perry's disingenuous remarks constitute fraud. La.C.C. art. 1953. Fraud vitiates the terms of the waiver executed between the buyer and seller. La.C.C. art.1948-1949[1].
*232 It is argued that Perry's liability should be limited to $1,500.00. That amount represents the cost of two new carburetors. This matter does not, however, involve circumstances in which the seller did not know that the thing sold had a defect. Accordingly, the seller is not entitled to the benefit of the provisions of La.C.C. art. 2531, which state that he is "only bound to repair, remedy, or correct the defect." Perry's rightfully bears the responsibility "for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale ... and also for damages and reasonable attorney fees." La.C.C. art. 2545.

NONPECUNIARY DAMAGES
In addition to awarding Mr. Ducote sums for the return of the purchase price, with interest, other financing costs, as well as liability and collision insurance premiums, the court awarded $3,500.00 for inconvenience, mental anguish, and aggravation. This sum is challenged.
Louisiana Civil Code articles 2545 and 1998 are the controlling codal axioms to be followed in the present case for nonpecuniary damages involving claims in redhibition. A review of both articles places Mr. Ducote's claim in redhibition squarely within the realm of a bad faith act on the part of the seller. Perry's intentional abuse of Mr. Ducote commenced with the initial sale of the defective vehicle. Thereafter, during the numerous attempts by Mr. Ducote to have the vehicle repaired, Perry's continued to deceive him with nefarious acts, such as replacing the carburetors with unsuitable parts. Mr. Ducote testified that, due to the protracted debacle involving the car that he had purchased, he had to: bring the car back and forth to Perry's on numerous occasions during lunch breaks from work, solicit rides from his parents and friends, suffer the repeated breakdown of the car in question each time he retrieved it from Perry's (which required getting a ride from someone), and continue to make payments on an inoperable car. Additionally, testimony revealed that Perry's should have known that the continuous defective condition would result in the recurrent breakdowns suffered by Mr. Ducote.
The panoply of malicious acts on the part of Perry's supports the existence of bad faith; therefore, the provisions of La.C.C. art. 2545 are apposite to our determination. That code article provides that the seller who knows the vice of the thing which he sells, and omits to declare it, is answerable to the buyer in damages. In addition to return of the price and repayment of expenses, including reasonable attorney fees, the bad faith seller is also answerable for other damages. La. C.C. art. 2545; Osborne v. Ladner, 96-0863, p. 8 (La.App. 1st Cir.2/14/97), 691 So.2d 1245, 1253. Under proper circumstances, those damages can include nonpecuniary damages for mental anguish, aggravation and inconvenience. Id.; See also, Landaiche v. Supreme Chevrolet, Inc., 602 So.2d 1127, 1132 (La.App. 1st Cir.1992).
In the Revision Comments, section (j), of La.C.C. art. 2545, the redactors qualify the code article with an explanation that "nonpecuniary damages are recoverable ... whenever the requirements set forth in Civil Code Article 1998 ... are met." In interpreting the parameters of La.C.C. art 1998, it has been jurisprudentially declared that recovery for nonpecuniary loss is contingent upon a demonstration by the obligee that gratification of the nonpecuniary interest constituted a significant objective in the purchase. Young v. Ford Motor Company, Inc., 595 So.2d 1123, 1124 (La. 1992). It was observed in Young, which happens to also have involved the acquisition of a vehicle, that the purchase of a truck or car might be prompted by both the pecuniary interest of obtaining transportation and a nonpecuniary interest relating to enjoyment, taste, and personal preference of owning and driving the particular vehicle. Nevertheless, in the absence *233 of particular factors demonstrating otherwise, the nature of such a contract is deemed to be primarily pecuniary. Young, 595 So.2d at 1133.
The criteria enunciated in Young does not, however, extend to the instant case. The sale of the used vehicle by Perry's involves intentional bad faith on the part of the seller, in contrast to the imputed knowledge of the defective condition of the truck legally ascribed to the seller in Young. Moreover, the provisions of La. C.C.art.1998, which address the applicability of nonpecuniary loss, provide an express exception to the requirement of a nonpecuniary purpose of the contract "when the obligor intended, through his failure, to aggrieve the feelings of the obligee." In addition to the evidence indicative of bad faith, testimony revealed that Perry's should have known that the continuous defective condition would result in the recurrent breakdowns suffered by Mr. Ducote. Thus, the prescripts of La.C.C. arts.1998 and 2545 are met.
Applying the foregoing precepts to the matter before us, we find that the trial court was correct in its award of damages for nonpecuniary interests. Moreover, the court did not abuse its discretion in its award of general damages in the amount of $3,500.00, nor in its reimbursement of the sums required for liability coverage. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994).

ATTORNEY FEES
An award of attorney fees must be reasonable. The amount is regulated by the Rules of Professional Conduct, Rule 1.5(a)[2]. Ballard's Inc. v. North American Land Development Corporation, 28,437, pp. 9-10 (La.App. 2nd Cir.6/26/96), 677 So.2d 648, 653. Perry's asserts that the sum of $9,000.00 in attorney fees was excessively high. Mr. Ducote answered the appeal, seeking an increase in attorney fees to include remuneration for legal services associated with the motion for new trial, as well as representation at the appellate stage of judicial review. We note that the statement in the sum of $8,141.00, presented into evidence by legal counsel representing Mr. Ducote, did not include the cost of representation at trial. The total award of $9,000.00 for legal services, inclusive of trial, was not unreasonable. We find no abuse of the court's discretion in its award. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). Moreover, due to the extended representation of Mr. Ducote at the appellate level, this court hereby amends the award of attorney fees to reflect the sum of $10,000.00. In all other aspects, the result reached by the trial court is affirmed.
Costs associated with this appeal are assessed to Perry's Auto World, Inc.
AFFIRMED AS AMENDED.
NOTES
[1] We reserve for another day consideration of the question of the viability of the waiver of warranty of redhibition on the basis that it was set forth in a separate contemporaneously executed document, but the waiver was not referenced in the act of sale.
[2] The Rules of Professional Conduct, Rule 1.5(a) states in pertinent part:

(a) A lawyer's fee shall be reasonable. The factors to be considered in determining reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.