11 McKAY, Judge.
In this case, the plaintiff appeals from the trial court’s granting of the defendants’ motion for summary judgment, which dismissed all of the plaintiffs claims in warranty and redhibition for rescission of the sale or for the return or reduction of the purchase price of a condominium. We affirm.
FACTS AND PROCEDURAL HISTORY
On September 4, 1996, the plaintiff, J. Elise Shelton, an attorney, purchased a condominium from the defendant, Standard/700 Associates. The condominium was designated as unit 617 and was located on the top floor of a building located at 700 South Peters Street in the City of New Orleans. The sale of this unit was “as is where is” without any warranties or right to sue in redhibition. This was made perfectly clear in the public offering statement, the agreement to purchase, and the act of sale.
The actual language contained in the initial public offering statement is as follows:

O. GENERAL INFORMATION

Is YOU MAY NOT RELY UPON ANY INFORMATION OR DATA REGARDING THE 700 SOUTH PETERS CONDOMINIUM OUTSIDE OF THIS OFFERING STATEMENT AND THE EXHIBITS HERETO. SELLER HAS NOT AUTHORIZED ANY PERSON TO MAKE ANY REPRESENTATION NOT EXPRESSLY CONTAINED HEREIN. THIS PRESENTATION *1267 MAY NOT BE CHANGED OR MODIFIED ORALLY. THE SELLER RESERVES THE RIGHT TO CHANGE THE TERMS OF THIS OFFERING STATEMENT AS THEY AFFECT POTENTIAL PURCHASERS NOT THEN UNDER CONTRACT.
P. GENERAL INFORMATION EVERY PURCHASER SHOULD KNOW THAT THE ACTUAL MEASUREMENT AND DIMENSIONS OF ANY UNIT MAY VARY FROM THOSE SHOWN IN THE CONDOMINIUM DOCUMENTS DUE TO CONSTRUCTION IRREGULARITIES AND DEVIATIONS FROM THE PLANS AND SPECIFICATIONS WHICH WERE PREPARED FOR THE ORIGINAL RENOVATION OF THE CONDOMINIUM.
EVERY PURCHASER SHOULD ALSO UNDERSTAND THAT THE BUILDING IN WHICH THE CONDOMINIUM UNITS ARE LOCATED IS NOT A NEW BUILDING. THE CONDOMINIUM CONSISTS OF PROPERTY AND IMPROVEMENTS THAT ORIGINALLY HOUSED A FACTORY AND WHAREHOUSE [WAREHOUSE]. EVERY CONDOMINIUM UNIT IS TO BE SOLD AND PURCHASED “AS IS, WHERE IS,” WITHOUT ANY WARRANTY OR REPRESENTATION WHATSOEVER WITH RESPECT TO THE CONDITION OR REMAINING USEFUL LIFE OF SUCH CONDOMINIUM UNIT OR WITH RESPECT TO ANY OF THE COMMON ELEMENTS OF THE CONDOMINIUM, OR ANY OF THEIR COMPONENTS OR PARTS OR CONTENTS, AND WITHOUT ANY WARRANTY WHATSOEVER WITH RESPECT TO THE FITNESS OF ANY CONDOMINIUM UNIT OR THE COMMON ELEMENTS FOR ANY PARTICULAR OR GENERAL USE OR PURPOSE AND NO REPRESENTATIONS OR WARRANTIES WITH RESPECT TO ANY OF THE FOREGOING ARE MADE, ALL OF THEM BEING EXPRESSLY DISCLAIMED. EVERY PURCHASER SHOULD FULLY INSPECT THE CONDOMINIUM UNIT INTENDED TO BE PURCHASED, ITS COMPONENT PARTS AND THE COMMON ELEMENTS TO SATISFY HIMSELF AS TO THEIR CURRENT CONDITION AND SUITABILITY. PURCHASERS WILL BE REQUIRED TO WAIVE IN THE ACT OF SALE ANY RIGHT TO SUE IN REDHIBITION OR FOR RETURN OR REDUCTION OF THE PURCHASE PRICE OR ANY PART THEREOF AS A RESULT OF THE CONDITION OF THE PROPERTY OR ANY PART THEREOF.
|3The agreement to purchase, which was signed by the plaintiff, contains the following pertinent provisions:
18. Other disclosures. Purchaser acknowledges receipt of a copy of the Public Offering Statement dated 1-1-93 for the Condominium including all Exhibits thereto...
23. Limitations on warranty. The Unit or Units described herein will be sold and purchased “as is WHERE IS”, WITHOUT ANY WARRANTY OR REPRESENTATION WHATSOEVER WITH RESPECT TO THE CONDITION OR REMAING [REMAINING] USEFUL LIFE OF SUCH CONDOMINIUM UNIT OR WITH RSPECT [RESPECT] TO ANY OF THE COMMON ELEMENTS OF THE CONDOMINIUM, OR ANY OF THEIR COMPONENTS OR PARTS OR CONTENTS, AND WITHOUT WARRANTY WHATSOEVER WITH RESPECT TO THE FITNESS OF ANY CONDOMINIUM UNIT OR THE COMMON ELEMENTS FOR ANY PARTICULAR OR GENERAL USE OR PURPOSE AND NO REPRESENTATIONS OR WARRANTIES WITH RESPECT TO ANY OF THE FOREGOING ARE MADE, ALL OF *1268 THEM BEING EXPRESSLY DISCLAIMED.
PURCHASER WILL WAIVE IN THE ACT OF SALE ANY RIGHT TO SUE IN REDHIBITION OR FOR RETURN OR REDUCTION OF THE PURCHASE PRICE OR ANY PART THEROF [THEREOF] AS A RESULT OF THE CONDITION OF THE UNIT OR UNITS DESCRIBED HEREIN OR THE CONDOMINIUM.
■ Finally, the act of sale, which the plaintiff also signed, contains the following language:
NOTWITHSTANDING ANYTHING HEREIN TO THE CONTRARY, THE UNIT DESCRIBED HEREIN IS SOLD AND PURCHASED “AS IS WHERE IS”, WITHOUT ANY WARRANTY OR REPRESENTATION WHATSOEVER WITH RESPECT TO THE CONDITION OR REMAINING USEFUL LIFE OF SUCH CONDOMINIUM UNIT OR WITH RESPECT TO THE FITNESS OF ANY CONDOMINIUM UNIT OF THE COMMON ELEMENTS FOR ANY PARTICULAR OR GENERAL USE OR PURPOSE AND NO REPRESENTATION OR WARRANTIES WITH RESPECT TO ANY OF THE FOREGOING ARE MADE, ALL OF THEM BEING EXPRESSLY DISCLAIMED. PURCHASER HEREBY WAIVES ANY RIGHT TO SUE IN REDHIBITION OR FOR RETURN OR REDUCTION OF THE PURCHASE PRICE OR ANY PART THEREOF AS A RESULT OF THE CONDITION OF THE UNIT OR UNITS DESCRIBED HEREIN OR THE CONDOMINIUM.
|4In early November of 1996, the ceiling in the plaintiffs condominium began to leak. The leaks caused sheet-rock damage, dampness, -and a foul stench; the plaintiff contends that these conditions were so bad that the unit was rendered uninhabitable. From January of 1997 through March of 1997, the plaintiff and her family moved out of the unit so that the defendants could make repairs. The plaintiff, however, contends that these repairs did not remedy the situation.
On April 17, 1997, the plaintiff sued the defendant for redhibition and rescission of sale. The plaintiff contended that the leaks were caused by a swimming pool, a hot tub, and planters located on the roof of the building. The plaintiff further maintained that this theory was evidenced by the fact that another unit, 619, had previously had leaks. The defendant contended that the plaintiff had no right to rescission of the sale due to redhibitory defects and moved for summary judgment. After hearing arguments and reviewing the record, the trial court found that the defendant’s motion was well founded and granted it on June 24, 1999. It is from this judgment that plaintiff now appeals.
DISCUSSION
At issue in this appeal is whether the leaking roof is a redhibitory defect and if so whether the waivers or limitations of warranty are valid.
According to Louisiana Civil Code article 2530, for a defect to be redhibitory, the defect must exist at the time the thing is delivered. In the instant case, the leaks did not start until two to three months after the purchase of the condominium. Although the plaintiff contends that there may have been prior leaks in another unit, that is not an indication that the defective condition existed in the plaintiffs unit at the time of delivery. Furthermore, there is no indication that the defendant was aware of any defect in the unit that was sold to the plaintiff. On | ¡¿heir face, these facts do not tend to support the notion that a redhibitory defect existed in the plaintiffs condominium. In any event, the plaintiff waived her right to sue for redhi-bitory defects.
Louisiana law is clear that a contract, if its terms and conditions are clear and unambiguous, must be enforced as written. This is also true for contracts *1269 containing a waiver provision. In Jeffers v. Thorpe, 95-1731 (La.App. 4 Cir. 1/19/96), 673 So.2d 202, the plaintiffs purchased immovable property and the act of sale contract stated that the property was accepted by the purchaser “as is, where is”. The plaintiffs complained that after they purchased the property, they discovered that the plumbing was deficient. This Court opined that the legal warranty against latent defects may be waived or modified. Id. at 205.
A purchaser is entitled to the warranty against redhibitory vices, unless expressly waived. To be effective, a waiver of warranty against redhibitory defects must satisfy three requirements: (1) be written in clear and unambiguous terms; (2) be contained in the contract; and (3) either brought to the attention of the buyer or explained to him. Id. at 205; Hendricks v. Horseless Carriage, Inc., 332 So.2d 892 (La.App. 2 Cir.1976).
In the instant case, the plaintiff waived all redhibition claims when she purchased the condominium. Waivers for the warranty against redhibitory defects were contained in the public offering statement, the agreement to purchase, and the act of sale. The agreement to purchase and the act of sale are both contracts that the plaintiff signed. The agreement to purchase also contains a provision in all bold capital letters that states: BY EXECUTING BELOW PURCHASER ACKNOWLEDGES THAT THE LIMITATIONS OF WARRANTY ^CONTAINED HEREIN HAVE BEEN DRAWN TO PURCHASER’S ATTENTION.
The waivers in the instant case clearly meet the three criteria set forth by this Court in Jeffers. Furthermore, the fact that the plaintiff is an attorney casts doubts on her argument that she did not realize what she was signing.
CONCLUSION
For the foregoing reasons, we find no error in the trial court’s granting of the defendant’s motion for summary judgment. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
PLOTKIN, J., dissents with written reasons.