688 So.2d 1290 (1997)
Ronnie L. DAIGREPONT, et al.
v.
The STATE of Louisiana, THROUGH THE LOUISIANA STATE RACING COMMISSION, Brent Seward, Dick Kinsey and Tom Davis.
No. 96-CA-0310.
Court of Appeal of Louisiana, Fourth Circuit.
February 5, 1997.
Writ Denied April 25, 1997.
Lester J. Waldmann, Overton T. Harrington, Kevin A. Reith, Waldman and Harrington, Gretna, for Plaintiff-Appellant Ronnie Daigrepont.
Richard P. Ieyoub, Attorney General, C. David Schumacher, Carl J. Schumacher, Jr., Special Assistant Attorneys General, Schumacher Law Corporation, Ltd., New Orlenas, for Defendants-Appellees State of Louisiana.
Before KLEES, LOBRANO and ARMSTRONG, JJ.
KLEES, Judge.
The Appellant, Ronnie Daigrepont (Daigrepont), appeals the district court's judgment denying relief for damages suffered during a horse racing accident. After a review of the evidence and applicable law, we affirm.
On April 18, 1990, Daigrepont, a professional horse jockey, participated in the horse races at Jefferson Downs. On that same day Martin Vilchis, an apprentice jockey, also participated in the races. However, three-quarters of the way through the fourth race, with both Daigrepont and Vilchis racing, Vilchis and his horse "came over" into Daigrepont's path, "clipped heels" with Daigrepont's horse, and caused Daigrepont to fall to the ground. Seconds after Daigrepont fell to the ground a trailing horse, ridden by Michael *1291 Talarico, kicked Daigrepont in the head and spun him into the inside rail. The blow resulted in severe injuries, including permanent brain damage.
After the accident Daigrepont sued the two jockeys, Vilchis and Talarico, and their alleged employers. In addition, by his First Supplemental and Amended Petition, Daigrepont joined as defendants the State of Louisiana and the three presiding racing stewards. Daigrepont alleged that the State was vicariously liable through the State Racing Commission's three stewards. Later however, both jockeys and their alleged employers were dismissed by Daigrepont. The remaining defendants were the State of Louisiana and the three racing stewards: Brent Seward, Dick Kinsey, and Tom Davis, appellees herein.
At the trial below Daigrepont alleged that the State, vicariously through the racing stewards, was liable to him in negligence. Daigrepont based his negligence theory on two grounds. First, Daigrepont alleged the stewards were negligent for failing to investigate, remove, or sanction Vilchis prior to the race. More specifically, Daigrepont claimed that the stewards had sufficient notice and cause to believe that Vilchis was a dangerous rider and a threat to other jockeys, yet they failed to remove him from any race. Second, Daigrepont alleged that the stewards were negligent for allowing Vilchis to race because he was an illegal employee at the time of the race. In essence, Daigrepont claimed that, although Vilchis had a valid U.S. Employment Authorization Card at the time the stewards licensed him, the stewards failed to discover that Vilchis' Employment Authorization Card had expired prior to the day of the accident.
At the end of the evidence, the trial court ruled against Daigrepont on both negligence theories. First, as for the failure to remove Vilchis for safety and punitive purposes, the trial court found that the stewards had not breached the duty of care owed to Daigrepont. Second, as for the failure to remove Vilchis as an illegal employee, the trial court found no causal connection between Vilchis' immigration status and Daigrepont's injuries. Moreover, the trial court found that the stewards owed Daigrepont no duty in that regard.
Daigrepont now appeals and contends that the trial court erred on two accounts; that the trial court erred in its application of the negligence analysis, and that the trial court based that analysis on erroneous facts. However, in a broader sense, the appellant now presents this Court with the same two arguments introduced to the district court: first, that the stewards' failure to remove Vilchis for punitive or safety purposes gives rise to negligence, and second, that the stewards' failure to remove Vilchis for his immigration status gives rise to negligence.
Before addressing these claims, a note at the outset is appropriate. It is neither the duty, nor the custom of this Court, to retry cases from below. See Brewhouse Ltd. v. New Orleans Public Service Inc., 614 So.2d 118, (La.App. 4 Cir.1993). Simply put, it is not the operation of this Court to make an independent evaluation of the evidence, and impose new factual findings merely because they are reasonable. Instead, this Court will give great deference to the trier of fact and will accept the factual findings from below unless they are manifestly erroneous. Id. On the other hand, as for issues of law, such as appropriate legal analysis, this Court will make any necessary independent determinations. Therefore, in a case such as this, when the appellant raises issues wrapped in both legal and factual issues, this Court will only reapply the appropriate legal analysis, and determine if the facts upon which the analysis is based are manifestly erroneous.
In Louisiana, for purposes of determining negligence, courts have adopted a duty risk analysis. Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962). In its simplest terms, duty-risk requires a court to determine whether the defendant owed the plaintiff a duty, whether the duty was breached, and if so, whether the breach was a legal cause of the plaintiff's harm. Carr v. City of New Orleans, 626 So.2d 374, 380 (La.App. 4 Cir.1993); writ denied, 94-0062 (La.3/11/94), 634 So.2d 398. If one of the the above determinations does not yield an affirmative answer, the plaintiff has failed to *1292 prove that the defendant was negligent. Faucheaux v. Terrebonne Consolidated Govt., 615 So.2d 289, 292 (La.1993).
For purposes of addressing the appellant's claims, we will apply the above analysis to each claim separately.

Failure To Remove For Safety Purposes
In deciding whether the stewards were negligent when they failed to remove Vilchis for his alleged dangerous riding habits, a court must first ask if the stewards owed a duty to Daigrepont in that regard. Carr, supra. In sum, the court must determine whether the stewards had a duty to protect Daigrepont from dangerous riders. We, much the same as the trial court, believe that the stewards did have a duty to protect Daigrepont and all other jockeys from dangerous riders.
The second question a court must answer is whether the stewards breached their duty. Id. Put in context, the court must ask whether the stewards failed to protect Daigrepont from a dangerous rider. Whether or not the stewards failed to protect Daigrepont is a factual determination. Moreover, as a factual determination, this Court must accept the trial court's findings unless they are manifestly erroneous. Therefore, the more narrow question is, did the trial court commit manifest error when it found the stewards did not breach their duty? Before we can determine if the trial court committed manifest error in this regard, we must briefly review the evidence presented at the trial.
At the trial below, the expert with the highest credentials testified that Vilchis displayed normal riding habits for an apprentice jockey. In addition, he stated that none of Vilchis' riding habits were dangerous enough to allow the stewards to remove him from racing. There was also evidence that Vilchis was an accomplished rider; he finished "in the money" in approximately one third of the 130 races in which he rode. Finally, at trial Daigrepont alleged that several jockeys complained to the stewards about Vilchis' riding habits. However, there was testimony that complaints about jockeys were frequent and commonplace. Furthermore, testimony below indicated that, when any complaint was made, the stewards followed normal procedure in reviewing the alleged racing incident.
Based on the above testimony alone, we believe the trial court committed no error when it determined that the stewards did not breach their duty to Daigrepont.
Daigrepont contends that such a holding flies in the face of case law, but that contention is unfounded. More specifically, Daigrepont relies heavily on Fowler v. Roberts, 556 So.2d 1 (La.1989), and White v. State of Louisiana, 93-2034 (La.App. 1 Cir. 10/7/94), 644 So.2d 684, writ denied, 94-2713 (La. 1/6/95), 648 So.2d 927. In those cases the Supreme Court and the Second Circuit held various State agencies liable for using inadequate licensing procedures. Daigrepont contends that, because this case may involve greater inadequacies than those in White and Fowler, this Court is required to hold the present State agency liable. However, in both White and Fowler, the trier of fact, not the appellate courts, made the initial factual determinations which rendered the State agencies negligent. In essence, those courts were not faced with a trial court judgment against liability, as we are today. On that ground alone White and Fowler are distinguishable.
In conclusion, Daigrepont has failed to prove that the stewards breached their duty to protect him from a dangerous rider. Proof of a breach is a necessary element of negligence. Therefore, because Daigrepont has failed to prove a necessary element of negligence, the stewards were not negligent when they refused to remove Vilchis for his riding habits.

Failure To Remove For Immigration Status
In determining whether the stewards were negligent when they failed to remove Vilchis because he was an illegal employee, a court must first ask if the stewards owed a duty to Daigrepont in that regard. Carr supra. In other words, this Court must ascertain whether the stewards owed Daigrepont a duty to remove an employee whose Employment Authorization Card had expired just prior to the race.
The trial court found that the stewards did not owe Daigrepont any duty in that regard. However, whether or not a duty exists is a *1293 legal question, and as such, this Court may entirely reevaluate determinations made by the trial court.
The existence of a duty may be determined by considering the ease of association between the alleged duty and the risk encountered, as well as social, moral, and economic factors. Verdun v. State of Louisiana, 598 So.2d 1091, 1096 (La.App. 4 Cir. 1992); writ denied, 604 So.2d 1003 (La.1992). Moreover, when determining if a duty exists, this Court must consider the fact that duties are designed to protect some persons under some circumstances against some risks. Hill v. Lundin & Assoc., Inc., 260 La. 542, 256 So.2d 620, 622 (1972). Seldom does a rule protect every victim against every risk that may befall him, merely because the victim shows that a violation of the rule played a part in producing her injury. Id.
Guided by these considerations, we find that the stewards owed Daigrepont no duty to remove Vilchis because of his subsequent immigration status. To make an association between Vilchis' subsequent immigration status and Daigrepont's head injuries is simply unrealistic. In addition, the thrust of such a duty in its policy aspects would be unreasonable. For example, if this Court requires a steward to check the immigration status of each jockey immediately prior to each race, why would this Court not also require the stewards to check a plethora of other items unrelated to racing? The stewards may have had a duty to check Vilchis' immigration status when he was first licensed, but that duty does not carry on from day to day, race to race.
In conclusion, as a matter of law the stewards did not owe Daigrepont a duty to remove Vilchis as an illegal employee. Moreover, because the stewards owed Daigrepont no duty in that regard, the stewards were not negligent for failing to remove Vilchis.
Accordingly, for the reasons expressed above the trial court's judgment is hereby affirmed.
AFFIRMED.