775 So.2d 657 (2000)
Yolanda Barbarin wife of/and Jude BARBARIN
v.
Ethel L. DUDLEY, Dr. Robert Magee and University Medical Center of Louisiana.
No. 2000-CA-0249.
Court of Appeal of Louisiana, Fourth Circuit.
December 20, 2000.
Diane R. Lundeen, Rosen & Lundeen, LLP, New Orleans, LA, Attorney for Plaintiff/Appellant.
*658 Stephen M. Pizzo, Mary K. Peyton, Dante Maraldo, Blue Williams, L.L.P., Metairie, LA, Attorneys for Defendant/Appellee.
Court composed of Chief Judge ROBERT J. KLEES, Judge JOAN BERNARD ARMSTRONG, and Judge CHARLES R. JONES.
JONES, Judge.
Plaintiff/appellant, Yolanda Barbarin, appeals the judgment of the district court, which granted a Motion for Summary Judgment in favor of Dr. Robert Magee, University Medical Center of Louisiana (University Hospital) and their respective insurers.
According to judgment, the district court found that Dr. Magee owed a duty to warn the plaintiff of the unreasonable risk of harm posed by one of Dr. Magee's patients. However, the district court concluded that Dr. Magee had discharged his duty prior to the incident that gave rise to the instant case. After a review of the record, we reverse the judgment of the district court and remand for further proceedings.

FACTS
Yolanda Barbarin, a nurse aide with TLC Home Health Care, was assigned to care for an elderly patient who resided at 2424 Banks Street. Also residing at this particular residence lived the patient's mentally ill daughter, Ethel L. Dudley. According to the record, Ms. Barbarin was obligated to provide home health care services for her clients at their individual residences. She not only cared for her clients at their homes, but she was also responsible for transporting her patients to their doctor's appointments.
When Ms. Barbarin was assigned to the Dudley residence, neither she nor her employer was aware of Ms. Dudley's mental condition (paranoid schizophrenic) prior to the assignment. In fact, the record indicates that Ms. Dudley would become extremely violent whenever she failed to take her medications or honor her doctor's appointments. Because Ms. Barbarin was unaware of Ms. Dudley's mental instability, she continued to care for her elderly patient since there was no indication that Ms. Barbarin's life was in danger.
On May 17, 1994, Ms. Barbarin transported her patient to University Hospital to meet with Dr. Magee for one of their regularly scheduled visits. During the visit, Dr. Magee voluntarily disclosed to Ms. Barbarin that Ms. Dudley was mentally ill, and had attacked her mother four years ago due to her failure to take her prescribed medication. Immediately after receiving this information, Ms. Barbarin left the doctor's office, returned her patient to the Banks Street residence, secured her patient inside the home and proceeded to leave. As Ms. Barbarin was leaving the residence, Ms. Dudley struck Ms. Barbarin in the back of her head with a metal instrument, which ultimately caused Ms. Barbarin to fall to her knees and lose consciousness.
On May 15, 1995, Ms. Barbarin filed a Petition for Damages against Dr. Magee, University Medical Center, Ms. Dudley and each of their respective insurers.[1] In her petition, Ms. Barbarin alleges that she suffered severe permanent and total disabling injuries, along with loss of income, pain and suffering, medical expenses and damages for loss of society and services. Her allegations were premised on the fact that Dr. Magee failed to warn her and her employer of the possible danger that existed in the Dudley home prior to the incident in question.
Several years later, Dr. Magee's counsel of record filed a Motion for Summary Judgment. The district court found that *659 Dr. Magee owed a duty to warn the plaintiff of the unreasonable risk of harm posed by Ms. Dudley; however, the district court determined that Dr. Magee satisfied his duty when he warned Ms. Barbarin of the possibility of danger before the incident occurred. From this judgment, Ms. Barbarin filed the instant appeal. Dr. Magee answered the appeal and requested that this Court reversed in part the district court's judgment by deleting that portion of the judgment which found that Dr. Magee had a duty to warn the plaintiff.

STANDARD OF REVIEW
It is well settled that appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. LSA-C.C.P. art. 966; Stevedoring Services of America/Logistic Services, v. Kahn, 98-0926 (La.App. 4 Cir. 12/9/98), 726 So.2d 53. An appellate court thus asks the same questions as does the trial court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover-appellant is entitled to judgment as a matter of law. Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191, 195.

Duty-Risk Analysis
In her assignment of error, Ms. Barbarin argues that the district court erred in granting the defendant's Motion for Summary Judgment because the factual circumstances surrounding the incident indicated that Dr. Magee was liable for her injuries. According to her brief, Ms. Barbarin argues that Dr. Magee should be held liable for her injuries pursuant to LSA-C.C. art. 2315.
More specifically, she argues that: (1) Dr. Magee had a duty to warn her of the unreasonable risk of harm posed by Ms. Dudley; and (2) Dr. Magee breached that duty by not timely warning her of the possibility of such danger. Ms. Barbarin further argues that the injuries she sustained on May 17, 1994, could be easily associated to Dr. Magee's failure to honor his duty-especially when he had firsthand knowledge that Ms. Dudley had previously attacked her mother due to her mental instability. Because Dr. Magee failed to exercise reasonable care under the circumstances, Ms. Barbarin contends that summary judgment was not appropriate in this case in light of the materiality of the issues in dispute between the parties.
In rebuttal, Dr. Magee argues that he did not have a duty to warn Ms. Barbarin or any other person who came in contact with Ms. Dudley. More particularly, he contends that he did not have a duty to warn the plaintiff in this case because, pursuant to LSA-R.S. 9:2800.2, only the patient's psychologist, psychiatrist or board-certified social worker has a duty to warn others of a patient's violent behavior or threat of violence. Moreover, Dr. Magee argues that he only had a "general" knowledge of Ms. Dudley's mental state of mind, and he had not had any special training relative to treating patients with mental illnesses.
Additionally, he argues that Ms. Dudley's attack upon her mother occurred four years prior to the incident in question, and that Ms. Dudley had not communicated any threat of violence upon anyone during the course of his treatment. Thus, Dr. Magee argues that the district court was correct in granting his Motion for Summary Judgment. Notwithstanding the district court's granting of the motion, Dr. Magee argues that he did not have a duty to warn because he does not fall within the legislative intent of LSA-R.S. 9:2800.2. We disagree.
LSA-R.S. 9:2800.2 provides the following:
A. When a patient has communicated a threat of physical violence, which is deemed to be significant in the clinical judgment of the treating psychologist or psychiatrist, or board-certified social worker, against a clearly identified victim or victims, coupled with the *660 apparent intent and ability to carry out such threat the psychologist...or the psychiatrist...or the board-certified social worker...treating such patient and exercising reasonable professional judgment, shall not be liable for a breach of confidentiality for warning of such threat or taking precautions to provide protection from the patient's violent behavior.
B. A psychologist's or psychiatrist or board-certified social worker's duty to warn or to take reasonable precautions to provide protection from violent behavior arises only under the circumstances specified in Subsection A of this Section. This duty shall be discharged by the psychologist or psychiatrist if he makes reasonable effort to communicate the threat to the potential victim or victims and to notify law enforcement authorities in the vicinity of the patient's or potential victim's residence.
(Emphasis added). While we agree that LSA-R.S. 9:2800.2 imposes a duty to warn only upon the patient's psychologist, psychiatrist or board-certified social worker, we note, however, that Ms. Barbarin's petition was not based upon Dr. Magee's breach of a statutory duty, but rather a legal duty.[2] The existence of a duty may be determined by considering the ease of association between the alleged duty and the risk encountered, as well as social, moral, and economic factors. Daigrepont v. State, 96-0310 (La.App. 4 Cir. 2/5/97), 688 So.2d 1290, 1293, writ denied 97-0607 (La.4/25/97), 692 So.2d 1084. Moreover, when determining if a duty exists, this Court must consider the fact that duties are designed to protect some persons under some circumstances against some risks. Id. The scope of the duty owed is fact sensitive and ultimately turns on a "question of policy as to whether the particular risk falls within the scope of the duty." Parish v. L.M. Daigle Oil Co., Inc., 98-1716 (La.App. 3 Cir. 6/23/99), 742 So.2d 18, 25; see also Terrell v. Wallace, 98-2595 (La.App. 1 Cir. 12/28/99), 747 So.2d 748, writ denied XXXX-XXXX (La.3/24/00), 758 So.2d 158. (Emphasis added).
Because very little discovery was conducted, we cannot say that a legal duty did not exist between Dr. Magee and Ms. Barbarin. In fact, despite the clear wording of the statute, the district court still found that Dr. Magee had a duty to warn Ms. Barbarin of the potential danger-even though Dr. Magee was not Ms. Dudley's psychologist, psychiatrist or board-certified social worker. In essence, the district court concluded that there was a duty owed to Ms. Barbarin regardless of how remote the danger may have appeared.
Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. Azreme, Corp. v. Esquire Title Corp., 98-1179 (La. App. 5 Cir. 3/30/99), 731 So.2d 422. Any consideration as to whether the plaintiff will succeed at a trial on the merits is irrelevant and an insufficient basis to render a summary judgment against that party. Held v. Avondale Industries, Inc., 95-1788 (La.App. 4 Cir. 4/3/96), 672 So.2d 1106, 1108.
Having found that there exist genuine issues of material fact within the instant case, we conclude that the district court erred in granting the Motion for Summary Judgment. Therefore, we are inclined to believe that Dr. Magee's potential liability to Ms. Barbarin regarding the May 17th incident can only be decided following a trial on the merits.

DECREE
For the foregoing reasons, the Motion for Summary Judgment is reversed, and *661 the case is hereby remanded to the district court for further proceedings consistent with this Court's opinion.
REVERSED AND REMANDED.
ARMSTRONG, J., concurs in the result.
NOTES
[1] The plaintiff, in her Amended Petition, used fictitious names for Dr. Magee and University Medical Center's Insurers.
[2] Generally, "legal duty" is an obligation to conform to the standard of conduct of a reasonable man under like circumstances. Gibson v. Faubion Truck Lines, Inc. 427 So.2d 68 (La.App. 4 Cir.1983).