953 So.2d 922 (2007)
Katie Chisley JONES, et al., Plaintiffs-Appellants
v.
Keith J. GAINES and U.S. Agencies Casualty Insurance Co., Inc., Defendants-Appellees.
No. 41,890-CA.
Court of Appeal of Louisiana, Second Circuit.
February 28, 2007.
Anthony J. Bruscato, Monroe, for Plaintiffs-Appellants.
Gadel Law Firm, by Bradley John Gadel, Alexandria, for Defendant-Appellee, Keith Gaines.
Judith M. Williams, Assistant Attorney General, for Defendants-Appellees, LSU Med. Ctr. Health Care d/b/a E.A. Conway Med. Ctr.; State of Louisiana, DHH; State of Louisiana, DPS, Office of Motor Vehicles.
Louis G. Scott, Kitchens, Benton, et al. by Graydon K. Kitchens, III, Minden, Malone Law Firm, L.L.C. by Mary Ellen Winchell, for Defendants-Appellees, John and Frances Gaines.
Before BROWN, CARAWAY, and LOLLEY, JJ.
*924 BROWN, Chief Judge.
The day after being released from the Monroe Mental Health Center ("MMHC"), 29-year-old Keith Gaines became intoxicated and drove his sports utility vehicle through a caution or red light at an excessive speed and struck a vehicle being driven by Terrence Chisley. Gaines' blood alcohol measured .14%. Chisley was killed and Gaines was convicted of vehicular homicide. In this wrongful death/survival action, Chisley's mother, Katie Jones, and Ghitonya Richards, the mother of Chisley's minor son, individually and on behalf of the minor, sued several individuals, insurers, and state agencies. This appeal has been taken by plaintiffs from the trial court's judgment granting summary judgment for the State of Louisiana, Department of Public Safety/Office of Motor Vehicles ("DPS") and a peremptory exception of no cause of action in favor of the State of Louisiana-Health Care Science Center At Monroe d/b/a E.A. Conway Hospital ("E.A. Conway") and the State of Louisiana, Department of Health and Hospitals ("DHH").
For the reasons set forth below, we affirm the trial court's judgment granting summary judgment in favor of DPS and sustaining the exceptions of no cause of action in favor of E.A. Conway and DHH but remand to give plaintiffs an opportunity to amend their petition to state a cause of action against E.A. Conway and DHH.

Facts
From April 1 through April 19, 2001, Keith Gaines was treated at the MMHC. Gaines had been diagnosed with bipolar disorder and schizophrenia and had been receiving treatment for these mental illnesses since 1994. This was Gaines' fifth admission within a year of the accident.
Gaines admitted himself voluntarily, which allowed him to give 72 hours written notice to the treating physician in order to obtain a release, during which time an attending physician could change Gaines' admission status from voluntary to involuntary if the doctor deemed it necessary for the protection of Gaines and/or others.
Gaines' treating psychiatrist, Dr. Rita Agarwal, determined that Gaines was stable enough to be released as long as he took his medication and refrained from drinking alcohol. Dr. Agarwal testified that alcohol prevents anti-psychotic medication from taking effect, prompting a quick relapse. Dr. Agarwal testified that if Gaines relapsed he would be unfit to drive a motor vehicle.
Gaines lived with his parents at the time. Gaines' parents were out of town at the time of their son's release, but had asked Gaines' cousin to pick Gaines up from the hospital. Gaines' parents, knowing their son could be released while they were out of town, removed or concealed all the car keys in their home before leaving town. Gaines, however, had a set of car keys on him when he was admitted to the hospital; these keys were returned to Gaines upon his discharge by a hospital nurse. The cousin took Gaines to his parents' house.
The next day, April 20, 2001, Gaines offered a ride to a group of young people from the neighborhood. One of the passengers testified that Gaines drove at a high speed and accelerated when asked to slow down. Gaines ran his vehicle through a red or yellow light and crashed into Terrence Chisley's car, killing Chisley. Police interviewed Gaines immediately after the accident. Gaines appeared to be intoxicated and had a blood alcohol reading of .14%. Gaines was convicted of vehicular homicide and sentenced to nine years in prison, with half the sentence to be served and the remainder of the sentence suspended.
*925 Plaintiffs sued Gaines and his insurer; his parents and their homeowner's insurer; and the State of Louisiana via E.A. Conway, the DHH, and the DPS. Gaines and his alleged insurer, U.S. Agencies Casualty Insurance Company, settled and were dismissed. Gaines parents' homeowner's insurer, State Farm Insurance Company, was granted summary judgment on a coverage issue. E.A. Conway filed a peremptory exception of no cause of action, the DHH filed a declinatory exception and supplemental peremptory exception of no cause of action, and the DPS filed a motion for summary judgment. The trial court granted these motions and exceptions.[1] It is from this ruling that plaintiffs have appealed.

Discussion
Office of Motor Vehicles
Plaintiffs argue that the DPS has a mandatory duty to investigate if the DPS is "on notice" that a driver is impaired and is not protected with the discretionary immunity provided by La. R.S. 9:2798.1 should the DPS breach this duty.
A drivers' licensing agency which issues a license to an applicant known to be subject to a condition that makes operating a motor vehicle hazardous in the past and is likely to be hazardous in future, which fails to institute reasonable procedures for monitoring the condition of driver, and which automatically reissues the license three years later without inquiry into driver's current condition may be held liable to a motorist injured in an accident caused by the driver's operation of vehicle while under effects of a seizure. Fowler v. Roberts, 556 So.2d 1 (La.1989). This court, in Johnson v. Department of Public Safety, 627 So.2d 732 (La.App. 2d Cir. 1993), writ denied, 94-0403 (La.04/04/94), 635 So.2d 1107, held that the DPS has no duty to investigate when it has no knowledge of a driver's condition.
The question of liability on the part of the DPS therefore necessarily turns on a question of whether the DPS had notice of Gaines' potentially hazardous condition when Gaines first applied for or renewed his drivers' license.
Plaintiffs argue that notice to employees of the state hospital system is notice to the DPS because of a joint responsibility of both governmental institutes to protect the public. They assert that E.A. Conway and DPS should have worked together to deny driving privileges to Gaines because of his history of alcohol abuse.
The motion for summary judgment is now favored and designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by Article 969. La. C.C.P. art. 966. Though favored, the burden of proof still remains on the party seeking judgment. However, where the movant provides support by affidavit and attachments, the "adverse party may not rest on the mere allegations or denials of his pleading." La. C.C.P. art. 967. He must present sufficient evidence setting forth specific facts tending to demonstrate that a genuine issue for trial remains. Id.
Appellate courts review summary judgments de novo under the same criteria that govern district court's consideration of whether summary judgment is appropriate. NAB Natural Resources, L.L.C. v. Willamette Industries, Inc., 28,555 (La. App. 2d Cir.08/21/96), 679 So.2d 477.
La. R.S. 32:414(E)(8) provides that the DPS may conduct an investigation to determine *926 whether a driver's license should be revoked, suspended or cancelled upon a showing by its records or other sufficient evidence that the licensee is afflicted with such mental or physical disabilities as would constitute grounds for refusal of a license. La. R.S. 40:1356(E) provides that any health care provider or family member with firsthand knowledge may file a report with the Department of Public Safety and Corrections stating a belief that a licensed driver is unable to safely operate a motor vehicle.
The motion for summary judgment without contradiction shows that the DPS did not have knowledge of Gaines' hazardous mental condition. There was nothing to trigger a duty of the DPS to investigate Gaines. The failure of the Mental Heath Clinic to file a report cannot be imputed to DPS. Accordingly, the grant of summary judgment was proper.
E.A. Conway and The Department of Health and Hospitals
A peremptory exception of no cause of action is triable on the face of the pleadings and, for the purpose of determining the issues raised by the exception, the well-pled facts must be accepted as true. C.C.P. art. 931.
The trial court, in its reasons for judgment, cited two statutes as guides in its analysis. First, it referred to La. R.S. 9:2798.1, which provides that no liability shall be imposed on public entities, their officers or their employees based on the exercise or performance or failure to exercise or perform their policymaking or discretionary acts when those acts are within the course and scope of their lawful powers and duties, except when such acts are criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant.
Secondly, the court cited La. R.S. 9:2800.2, which provides that a psychiatrist or other mental health provider licensed by the state cannot be held liable for breach of a patient's confidentiality when such health provider warns or takes precautions after the patient makes a threat against a clearly identified victim or victims, with the apparent intent to carry out such a threat.
Plaintiffs cite Davis v. Puryear, 95-1637 (La.App. 4th Cir.05/01/96), 673 So.2d 1298, writ denied, 96-1380 (La.10/04/96), 679 So.2d 1381, a case in which the court held that a state mental hospital and the physicians employed by the hospital could be held liable for negligence and breach of standard of care when a dangerous psychotic patient escaped and murdered a woman.
Plaintiffs also cite Barbarin v. Dudley, 00-0249 (La.App. 4th Cir.12/20/00), 775 So.2d 657, writ denied, 01-0170 (La.03/16/01), 787 So.2d 316, in which the court held that whether a physician had a duty to warn a home health aide who was attacked by a mentally unstable patient is a question of fact, thus precluding summary judgment.
In their petition, plaintiffs have alleged that Gaines was voluntarily released from the MMHC and that Dr. Agarwal, the treating psychiatrist, determined that Gaines, who voluntarily admitted himself to care, was stable enough to be released as long as Gaines took his medication and refrained from drinking alcohol. The petition in this case, therefore, has failed to set forth a cause of action. Accordingly, we find that the trial court properly granted the exceptions of no cause of action. We note as to DHH, in Berry v. State, Through Dept. of Health and Human Resources, 93-2748 (La.05/23/94), 637 So.2d 412, 415, the supreme court stated:
While the Department of Human Health and Resources had a duty to administer medical assistance program under *927 guidelines set forth, that duty did not impose liability on the state to third persons . . . to hold otherwise would place an unreasonable burden on the state and would have a far reaching effect on the liability of the state in administering programs such as the one involved in this case.
Louisiana Code of Civil Procedure article 934 provides that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. Therefore, plaintiffs will be given time to amend their petition in this case and the trial court erred in failing to allow them this opportunity.

Conclusion
For the reasons set forth above, that portion of the trial court's judgment granting the State of Louisiana Department of Public Safety/Office of Motor Vehicles' motion for summary judgment is AFFIRMED. Further, that part of the trial court's judgment sustaining the peremptory exceptions of no cause of action in favor of the State of Louisiana, Health Care Science Center At Monroe d/b/a E.A. Conway Hospital and the State of Louisiana, Department of Health and Hospitals is also AFFIRMED. The trial court is hereby ordered to set a period of time during which plaintiffs will be allowed to amend their petition to allege a cause of action. Costs, as allowed by law, are assessed against defendants.
AFFIRMED AND RENDERED.
NOTES
[1] The trial court denied a motion for summary judgment filed by Gaines' parents, who remain in this case.